UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
UNITED STATES,                                         :
                                                       :
                                                       :
                                                       :     **ORDER AND OPINION**
            -against-                                  :     **DENYING MOTION TO**
                                                       :     **DISMISS**
                                                       :
                                                       :     21 Cr. 280-7 (AKH)
DERICK MURPHY,                                         :
                                                       :
                              Defendant.               :
                                                       :
------------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

            Defendant Derick Murphy ("Defendant") is charged with one count of engaging

in a racketeering conspiracy, in violation of the Racketeer Influence and Corrupt Organizations

Act ("RICO"), 18 U.S.C. 1962(d).  *See* Superseding Indictment ("SI") (Dkt. No. 38).  Defendant

moves to dismiss the indictment as unconstitutionally vague; and failing dismissal, for a bill of

particulars under Fed. R. Crim. P. 7(f); and, to sever his trial from that of his co-defendants under

Fed. R. Crim. P. 8(b) and 14(a) because he was imprisoned in another state when the offenses

charged in counts 2 through 12 were allegedly committed.  *See* Motion and Supplemental

Memorandum ("Mot."), Dkt. No. 71.  For the reasons provided below, the motion is denied.

## BACKGROUND

### I.      Factual Allegations

            On April 29, 2021, a grand jury indicted Defendant on a charge stemming from

his membership in the 800 YGz gang ("800 YGz"), a criminal organization and alleged RICO

enterprise, whose members and associates engaged in acts involving murder and assault,

narcotics trafficking, and wire fraud.  *See* Dkt. No. 2.  On May 27, 2021, the grand jury returned

a superseding indictment charging the same. *See* SI ¶ 1.[1] Count one of the superseding indictment charges Defendant with participating in a conspiracy[2] to conduct the affairs of the 800 YGz through a pattern of racketeering activity, consisting of (i) multiple acts involving murder, chargeable under New York Penal law §§ 125.25, 125.27 (murder), 105.15 (conspiracy), 110.00 (attempt, and 20.00 (aiding and abetting); (ii) multiple acts of wire fraud, indictable under 18 U.S.C. § 1343 and 2; and (iii) multiple offenses involving the distribution of controlled substances, including marijuana and cocaine base in the form of crack, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 846, and 18 U.S.C. § 2. ¶ 6.

From in or around 2010, up to and including in or around 2021, Defendant and his co-conspirators were employed by and associated with the 800 YGz. ¶ 5(a). The purposes of the 800 YGz included enriching its members through drug trafficking and wire fraud, protecting the power of the gang and its members through acts involving murder, assault, other violent acts, and threats of violence, and promoting the reputation of the gang. ¶ 4. Defendant participated in the operation of the 800 YGz, participated in activities and conduct in furtherance of the 800 YGz's affairs, and agreed that other members would do the same. ¶¶ 3, 7.

***The Government's Discovery Productions***

The Government has produced a large amount of discovery that includes reports and records regarding specific acts of violence and controlled buys of crack cocaine, and identifies the relevant dates, times, and locations. As further described in the Government's brief in opposition, *see* Opposition ("Opp."), Dkt. No. 75, the discovery materials provided to Defendant reflect that he has engaged in drug trafficking, including nine sales of crack cocaine to undercover police officers in or about 2018, engaged in unemployment insurance fraud, and

---

[1] Unless otherwise noted, references to "¶" refer to paragraphs in the Superseding Indictment.
[2] Defendant's charged coconspirators include: Jayquan Smith, Rashien Jackson, James Bell, Daquan Murphy, Jonathan Odenthal, and Hassan Simmons.

participated in shootings in the Bronx in September 2016 and September 2018. In the September

2016 shooting, a co-conspirator discharged the gun, but Defendant was present. In the 2018

shooting, Defendant fired a gun ten times into a crowd of people, hitting two. In connection with

that shooting, Defendant has already been prosecuted for and convicted of being a felon in

possession of a firearm. A cooperating witness will testify regarding Defendant's role as a

member of the 800 YGz and describe how Defendant's criminal activities, including the 2018

shooting, were committed in furtherance of the goals of the 800 YGz. The Government's

productions also contain the full discovery from Defendant's 2018 case, which includes

surveillance video, wire interceptions, and a transcript of Defendant's sentencing hearing, as well

as surveillance video and other law enforcement reports from the 2016 shooting. In addition, the

discovery includes records from the New York State Department of Labor and Square related to

the alleged unemployment insurance fraud scheme. Finally, the discovery includes search

warrant applications that contain a discussion of probable cause describing the case and

evidence.

## DISCUSSION

### I.      Motion to Dismiss the Indictment

Defendant moves to dismiss the indictment as unconstitutionally vague, arguing

that the superseding indictment broadly defines the 800 YGz as the RICO enterprise, fails to

attribute any specific conduct to Defendant, and lacks any substantive RICO charge establishing

that Defendant agreed to participate in the enterprise's affairs through a pattern of racketeering

activity. *See* Mot. at 2–3. He claims that the lack of sufficient information in the superseding

indictment prevents him from adequately preparing a defense. *See id.* at 3. I hold that the

superseding indictment, coupled with discovery production and the Government's factual

recitation in its opposition brief, are sufficiently detailed, and therefore, dismissal is not

warranted.

3

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment satisfies Rule 7(c)(1) if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013); *see also United States v. Lee*, 833 F.3d 56, 67-68 (2d Cir. 2016) (stating that an indictment's failure to allege an element of the charged offense is a constitutional violation). To meet this standard, indictments typically "need do little more than to track the language of the statute charged and state the approximate time and place of the alleged crime." *United States v. Vilar*, 729 F.3d 62, 80 (2d Cir. 2013); *see also United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999) ("The Second Circuit has 'consistently upheld indictments that do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'").

The requirements of Rule 7(c)(1) plainly are satisfied. The superseding indictment contains the elements of the offense and "track[s] the language of the statute charged." *See Stringer*, 730 F.3d at 124; *Vilar*, 729 F.3d at 80; *see also United States v. Wey*, No. 15-cr-611, 2017 WL 237651, at *5 (S.D.N.Y Jan. 18, 2017) (finding that an indictment need not "specify evidence or details of how the offense was committed"). It fairly informs Defendant of the nature of the charge against which he must defend and enables him to plead an acquittal or conviction in any future prosecution for conspiring to commit a racketeering offense as a member of the 800 YGz. *See Stringer*, 730 F.3d at 124. Further, the superseding indictment, discovery production, and the Government's factual recitation make clear that Defendant is alleged to be a member of the 800 YGz who participated in unlawful activities in furtherance of the gang, including drug trafficking, unemployment insurance fraud, and shootings in the Bronx,

4

and the years in which he engaged in those activities.  Defendant cites no case in which a court

has dismissed an indictment under similar circumstances and fails to demonstrate that the

"extraordinary remedy" of dismissing the superseding indictment is warranted here.  *See United

States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001).

## II.     Motion for a Bill of Particulars

Plaintiff argues that if I deny his request for dismissal, I should order the

Government to produce a detailed bill of particulars, providing the specific acts or conduct on the

part of Defendant with proximate dates and places, that it intends to prove.  *See* Mot. at 4.

Defendant also requests that I order the Government to identify the co-conspirators with whom

or on behalf of whom, Defendant is alleged to have performed any such act or conduct.  *See id.*

Defendant argues that he is entitled to know "the most basic elements of the case against him"—

what, when, where, and with whom he is alleged to have committed the unlawful acts charged—

so that he is able to prepare adequately for trial or to interpose a plea of double jeopardy should

he be charged a second time for the same offense.  *See id.* at 3–5.  I hold that no bill of

particulars is warranted.

"Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek

a bill of particulars in order to identify with sufficient particularity the nature of the charge

pending against him, thereby enabling [the] defendant to prepare for trial, to prevent surprise,

and to interpose a plea of double jeopardy should he be prosecuted a second time for the same

offense." *United States v. Almaleh*, No. 17-CR-25, 2022 U.S. Dist. LEXIS 35260, at *6

(S.D.N.Y. Feb. 28, 2022) (quoting *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir.

1987)).  "A bill of particulars should be required only where the charges of the indictment are so

general that they do not advise the defendant of the specific acts of which he is accused." *Id.* at

*6–7 (quoting *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d

857 (2d Cir. 1989)).  "It is not enough that the information would be useful to the defendant; if

the defendant has been given adequate notice of the charges against him, the government is not required to disclose additional details about its case.  The court must be cognizant of the fact that a bill of particulars confines the government's evidence at trial to the particulars furnished." *Id.* at \*7 (quoting *United States v. Payden*, 613 F. Supp. 800, 816 (S.D.N.Y. 1985)).  "Therefore, the proper test in deciding whether a bill of particulars should be required of the Government is whether the bill of particulars is *necessary* for the defense, not whether it would aid the defendant in his preparation." *Id.* (quoting *United States v. Trippe*, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001) (emphasis added)).  A bill of particulars is not a general investigative tool, discovery device or means to compel the government to disclose evidence or witnesses to be offered at trial." *United States v. Gibson*, 175 F. Supp. 2d 532, 537 (S.D.N.Y. 2001).

"Whether to grant a bill of particulars rests within the sound discretion of the district court," *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citation omitted), after considering "the totality of the information available to the defendant—through the indictment, affirmations, and general pre-trial discovery." *United States v. Thompson*, No. 13-CR-378, 2013 U.S. Dist. LEXIS 172623, at \*7 (S.D.N.Y. Dec. 3, 2013) (citation omitted); *see also United States v. Binday*, 908 F. Supp. 2d 485, 497 (S.D.N.Y. 2012) ("If the information the defendant seeks 'is provided in the indictment or in some acceptable alternate form,' such as discovery or other correspondence, no bill of particulars is required." (quoting *Bortnovsky*, 820 F.2d at 572)).

A bill of particulars is not warranted in this case because Defendant has been adequately apprised of the nature and charges against him through the charging document, discovery, and court filings.  Courts routinely deny motions for bills of particulars where, as here, the charging document is sufficiently detailed. *See, e.g.*, *United States v. Carroll*, No. 19-CR-545, 2020 WL 1862446, at \*6 (S.D.N.Y. Apr. 14, 2020) (finding "no basis for a bill of particulars" where "[t]he charges against the defendants are explained in detail . . . [and] track

6

the language of the applicable statutes while stating the time and place in approximate terms of the charged conspiracy"); *United States v. Shkreli*, No. 15-CR-637, 2016 WL 8711065, at \*5 (E.D.N.Y. Dec. 16, 2016) (denying motion for bill of particulars in part because "the Superseding Indictment is a detailed 'speaking' indictment"); *Wedd*, 2016 WL 1055737, at \*3 (denying motion for bill of particulars in part because "the Indictment is a 'speaking' Indictment that provides a significant amount of detail as to the Government's theory of the case and the nature of the proof that will underlie the charges at trial," including "a chronology of the formation of the scheme" and "approximate dates of key events that were part of the scheme"). Here, Defendant was charged pursuant to a superseding indictment that specifically identifies the charged offense, describes how the 800 YGz operated and how members of the gang, including Defendant, participated in the gang through drug trafficking, fraud, and acts of violence. It additionally identifies the time period and approximate location of the conspiracy. The superseding indictment is, by no means, "so general" that it fails to "advise the defendant of the specific acts of which he is accused." *United States v. Wedd*, No. 15-CR-616, 2016 WL 1055737, at \*3 (S.D.N.Y. Mar. 10, 2016) (quoting *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1997)).

The Government's discovery production, to date, also weighs against granting the motion. The Government has provided Defendant with a large amount of discovery, and its opposition brief includes further details of evidence it intends to offer against Defendant. *See* Opp. at 1–2. As described above, the productions include reports and records regarding specific acts of violence and controlled buys of crack cocaine, specifically identifying the relevant dates, times, and locations; full discovery related to Defendant's 2018 case; records relating the alleged fraud scheme; and, search warrant applications. Jail calls and social media returns provide additional enterprise evidence regarding the 800 YGz. Based on the information contained in the charging document, the discovery provided, and the factual recitation in the Government's

opposition, I find that Defendant has adequate notice of the charges against him, such that he can prepare a defense, avoid surprise at trial, and raise a double jeopardy argument in the event of future prosecution. *See id.*

Defendant nevertheless argues that he is entitled to a bill of particulars because the superseding indictment lacks elementary specifics. He cites to a 1927 Supreme Court case, *Wong Tai v. United States*, 273 U.S. 77 (1927), for the proposition that a bill of particulars should be provided where necessary to inform a defendant of the charge against him with sufficient precision to enable him to prepare a defense, and to avoid or minimize the danger of surprise at trial.

In *Wong Tai*, the defendant was charged with conspiring to violate the Opium Act, by knowingly and feloniously importing opium into the United States. *See id.* at 79. The indictment identified instances in which the defendant received, bought, sold, and facilitated the importation of opium, including providing the names of the ships and dates upon which sacks of opium arrived in the United States—overt acts in furtherance of the conspiracy. *See id.* at 80. The Supreme Court held that the district court did *not* abuse its discretion in denying a bill of particulars because the foregoing enabled the defendant to make a proper defense or plead double jeopardy in bar of a later prosecution for the same offense. *See id.*

*Wong Tai* is not helpful to Defendant, as his case is markedly similar to that of the *Wong Tai* defendant, who also was not entitled to a bill of particulars. Like the *Wong Tai* defendant, Defendant has received specifics regarding some of the overt acts undertaken in furtherance of the conspiracy, including the dates and locations of those acts and Defendant's alleged involvement.

Defendant also seeks an order compelling the Government to identify the co-conspirators with whom or on behalf of whom Defendant is alleged to have performed acts in furtherance of the charged conspiracy. *See* Mot. at 4. Demands for this type of information—

8

where, when, and with whom the Government will charge the defendant with conspiring—are routinely denied by courts in this Circuit. *See, e.g.*, *United States v. Santana*, No. 13-CR-147, 2015 WL 5781413, at *2 (S.D.N.Y. Oct. 1, 2015) (cleaned up). "It is well settled that defendants need not know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the Government intends to adduce to prove their criminal acts. Details as to how and when the conspiracy was formed, or when each participant entered it, need not be revealed before trial." *United States v. Parris*, No. 13-CR-17, 2014 WL 2745332, at *5 (S.D.N.Y. June 17, 2014). That is particularly true "[i]n the context of prosecutions of narcotics conspiracies," where "courts have consistently refused to grant a bill of particulars requesting the following kinds of information: (1) when the conspiracy was formed; (2) when the defendant joined the conspiracy; and (3) how the Government alleges the defendant performed acts in furtherance of the conspiracy." *United States v. Santiago*, 174 F. Supp. 2d 16, 35 (S.D.N.Y. 2001); *see also United States v. Campo Flores*, No. 15 Cr. 765, 2016 WL 5946472, at *11 (S.D.N.Y. Oct. 12, 2016) (holding that in case charging narcotics-importation conspiracy, the Government had "no obligation" to provide the "when," "where," and "with whom" of conspiracy).

Moreover, when faced with requests for bills of particulars identifying unindicted coconspirators, courts must consider factors including the "duration and breadth of the alleged conspiracy," "whether the Government otherwise has provided adequate notice" of the identities of co-conspirators, "the volume of pre-trial discovery," and any risk to the alleged coconspirators or the Government's investigation." *United States v. Nachamie*, 91 F. Supp. 2d 552, 557 (S.D.N.Y. 2000). Having considered these factors, I find that they do not weigh in favor of compelling the disclosures Defendant seeks.

Although the charged conspiracies allegedly spanned just over a decade, the Government has "provided adequate notice" of some of Defendant's co-conspirators (including

9

those charged in the superseding indictment).  The Government also has produced substantial

pre-trial discovery.  Its disclosures identify some key dates, as well as the means and methods by

which Defendant and his coconspirators allegedly carried out acts in furtherance of the charged

conspiracy.  The Government's opposition brief includes further details of evidence it intends to

offer against Defendant.  *See* Opp. at 1–2.

Although the disclosures do not provide everything that Defendant might want,

*i.e.*, the identities of all co-conspirators with whom or on behalf of whom he is alleged to have

performed, he has been provided sufficient particulars "to conduct a meaningfully directed

investigation of the relevant facts and circumstances to respond to the charges." *Almaleh*, 2022

U.S. Dist. LEXIS 35260, at *21.  Further, given the nature and circumstances of the allegations,

there are legitimate concerns about witness safety and tampering.  I therefore conclude that the

*Nachamie* factors weigh against directing the Government to disclose the identities of all

unindicted or uncharged coconspirators to Defendant.  *See United States v. Horge*, No. 19-CR-

96, 2020 U.S. Dist. LEXIS 198523, at *10 n.3 (S.D.N.Y. Oct. 26, 2020).  Accordingly, the

motion for a bill of particulars is denied.

### III.   Motion to Sever Trial

Defendant moves to sever his trial from that of his co-defendants, who are

charged in counts 2 through 12 with violent crimes in aid of racketeering and firearms possession

and use, because he was incarcerated in another state during the period in which those offenses

were allegedly committed.  *See* Mot. at 5.  He claims that the superseding indictment fails to

demonstrate an "overarching connection between all the defendants and all the offenses

necessary for joinder" under Fed. R. Crim. P. 8(b), and that the offenses charged in counts 2

through 12 do not arise from the same act or transaction.  *See id.*  He further claims that

severance is warranted under Rule 14(a) because he will be prejudiced if forced to stand trial

with his co-defendants charged with other violence and firearm-related offenses.  *See id.* at 5–6.

10

I hold that joinder is proper under Rule 8(b), and that Defendant will not be prejudiced, so as to warrant severance under Rule 14.

Under Rule 8(b), defendants may be joined "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. Fed. R. Crim. P. 8(b). Rule 14 gives discretion to the trial court to sever properly joined defendants to avoid prejudice to a defendant or the Government. Fed. R. Crim. P. 14. Balancing Rule 8 against Rule 14, "[t]here is a preference . . . for joint trials of defendants who are indicted together." *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998) (per curiam) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)); *United States v. Miller*, 116 F.3d 641, 679 (2d Cir. 1997). "This preference is particularly strong where . . . the defendants are alleged to have participated in a common plan or scheme." *Salameh*, 152 F.3d at 115; *United States v. Cardascia*, 951 F.2d 474, 482 (2d Cir. 1991). Further, the Supreme Court has explained that in "joint trials . . . involving large conspiracies to import and distribute illegal drugs [and] involv[ing] a dozen or more codefendants[,]" "[i]t would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand." *Richardson v. Marsh*, 481 U.S. 200, 210 (1987). "Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enable more accurate assessment of relative culpability—advantages which sometimes operate to the defendant's benefit." *Id.* Accordingly, a discretionary severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Severance is also

11

unwarranted when a limiting prejudice can address any spillover prejudice. *See United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003); *accord Zafiro*, 506 U.S. at 538–39.

Joinder is clearly permissible under Rule 8(b). Defendant is charged with engaging in a "common plan or scheme," and the acts charged arise out of that plan or scheme. *Salameh*, 152 F.3d at 115 (finding a strong presumption in favor of joinder); *United States v. Rittweger*, 524 F.3d 171, 179 (2d Cir. 2008) (holding that "joinder is proper where two or more persons' criminal acts are unified by some substantial identity of facts or participants or arise out of a common plan or scheme"). The Government intends to prove that Defendant and his co-conspirators were active members of the 800 YGz, that Defendant was aware of criminal activity engaged in by his co-conspirators, and that Defendant personally engaged in criminal activity, including a shooting, drug trafficking, and fraud, in further of the 800 YGz. Because the "mere allegation of a conspiracy presumptively satisfies Rule 8(b)," Defendant cannot establish that joinder is improper. *See United States v. Friedman*, 854 F.2d 535, 561 (2d Cir. 1988); *United States v. Uccio*, 917 F.3d 80, 87 (2d Cir. 1990) ("[A] non-frivolous conspiracy charge is sufficient to support joinder of defendants under Fed. R. Crim. P. 8(b).").

Defendant also cannot establish that he is entitled to severance under Fed. R. Crim. P. 14 because he has not shown that he will suffer substantial prejudice, and any prejudice can be cured by alternative means, including a limiting instruction. Defendant claims that he will suffer prejudice because there is more damaging or voluminous evidence that will be offered against his co-conspirators and not against him. Particularly, he claims that because his co-defendants are accused of violence in aid of racketeering acts and discharging weapons, the Government's proofs at a joint trial, in support of the offenses charged in counts two through twelve, will necessarily involve numerous instances of shootings and assaults over a two-year period—acts in which Defendant was not involved, and occurring while he was incarcerated in

12

another state. He claims he will be prejudiced because this evidence may lead the jury to presume him guilty by association.

                Defendant's claims of prejudice are unpersuasive. To begin, "[t]he fact that one of several codefendants is tried for a crime not committed by another codefendant does not, without more, create the sort of miscarriage of justice that would require [severance]." *United States v. Hernandez*, 85 F.3d 1023, 1029 (2d Cir. 1996); *see also United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003). More importantly, Defendant cannot show that he will, in fact, be prejudiced because he also is alleged to have engaged in acts of violence. In addition, because Defendant is charged with engaging in a conspiracy, he would still be legally responsible for his co-defendants' actions before and after he joined the conspiracy. *See United States v. Santos*, 541 F.3d 63, 73–74 (2d Cir. 2008). Thus, all evidence of his co-defendants' conduct would be admissible against Defendant. Finally, even assuming that a joint trial creates a risk of prejudice, severance is not warranted because, as courts routinely hold, a limiting instruction can suffice as an alternative. *See, e.g.*, *Herring v. Meachum*, 11 F.3d 374, 378 (2d Cir. 1993) (rejecting claim of prejudice as a result of joinder of two unrelated murders where jury was repeatedly instructed "that evidence of one murder was not to be used to determine petitioner's guilt with respect to the other"); *United States v. Pena*, 932 F. Supp. 2d 464, 466–67 (S.D.N.Y. 2013) (denying severance of murder counts on grounds that any risk of spillover prejudice could be addressed by carefully crafting limiting instructions for jurors); *United States v. Ramos*, No. 12 Cr. 556, 2013 WL 1932110, at *4 (S.D.N.Y. May 8, 2013) (denying severance of defendants on grounds that even if the defendant might be subject to some spillover prejudice at a joint trial, any such prejudice could be remedied through an appropriate limiting instruction to the jury) (citation omitted).

## CONCLUSION

For the reasons provided above, the motion is denied.  The Clerk of Court shall terminate the motion (Dkt. No. 71).

SO ORDERED.

Dated:      April 28, 2022
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

14